1  ANN G. GRIMALDI (BAR NO. 160893)
   McKENNA LONG & ALDRIDGE LLP
2  101 California Street
   41st Floor
3  San Francisco, CA 94111
   *Telephone:* (415) 267-4000
4  *Facsimile:* (415) 267-4198

5  Attorneys for Plaintiff
   L.G. Philips LCD Co., Ltd.

6

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10              **SAN FRANCISCO DIVISION**

11

12  L.G. PHILIPS LCD CO., LTD.,          CASE NO. C 07 80073 WHA

13              Plaintiffs,              [PROPOSED] ORDER DENYING
                                         TATUNG'S MOTION FOR PROTECTIVE
14      v.                               ORDER AND SETTING BRIEFING
                                         SCHEDULE FOR LPL'S MOTION TO
15  TATUNG COMPANY, TATUNG CO. OF        COMPEL, IF ANY, AGAINST THIRD
    AMERICA, INC.; AND VIEWSONIC         PARTY SAFEWAY, INC.
16  CORPORATION,

17              Defendants.

18

19

20      The Motion for Protective Order Limiting Scope of Third Party Deposition and Subpoena

21  (the "Motion"), brought by Defendants Tatung Company and Tatung Co. of America, Inc.

22  (collectively, "Tatung"), came on for hearing on an expedited basis on March 16, 2007.  Jong P.

23  Hong of Greenberg Traurig appeared for Tatung; Ann G. Grimaldi of McKenna Long & Aldridge

24  LLP appeared for Plaintiff LG. Philips LCD Co., Ltd. ("LPL"); and John Dahlberg of Dillingham

25  & Murphy LLP appeared for third party Safeway, Inc.  The Court, having considered the parties'

26  papers and arguments of counsel (including counsel for third party Safeway, Inc.), and for the

27  reasons set forth below, DENIES Tatung's Motion *in toto*.

28

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## I. BACKGROUND AND THE PARTIES' CONTENTIONS

The Motion arises out of a patent infringement lawsuit pending in the United States District Court for the District of Delaware, *LG. Philips LCD Co., Ltd. v. Tatung Company, et al.*, Case No. 04-343-JJF (the "Main Action"). As part of discovery efforts in the Main Action, on or about February 13, 2007, LPL served a subpoena duces tecum and deposition notice in this District on third party Safeway, Inc. (the "Subpoena"). At approximately the same time, LPL served similar subpoenas on 22 other third parties located around the nation. Tatung has filed motions for protective orders, as to all these subpoenas, in over a dozen jurisdictions.

According to the papers filed by the parties, March 30, 2007 is the discovery cut-off date in the Main Action. Due to the exigent nature of these circumstances, and given that this Court has jurisdiction to make orders associated with subpoenas issued in this District, the Court granted Tatung's request to hear this matter on an expedited basis.

In its Motion, made pursuant to Federal Rule of Civil Procedure 26(c), Tatung challenges the scope of the Safeway subpoena on two primary grounds. First, Tatung contends that the scope the subpoena is overbroad in that it encompasses information related both to products that LPL has accused of infringing the subject patent (the "Accused Products") and to products that (although the proper subject of the complaint) LPL has not accused of infringing the subject patent (the "Non-Accused Products"). Tatung argues that the scope of the Subpoena must be limited to the Accused Products only. According to both LPL and Tatung, the Special Master in the Main Action soon will be ruling on the issue of whether LPL is entitled to discovery from Tatung with respect to Non-Accused Products.

Second, Tatung asserts that the information requested by the Subpoena calls for trade secrets and sensitive and confidential business information. Tatung purports to establish the need for a protective order on that basis through the Declaration of Jackson Chang, General Manager of Display BU Sales for Tatung Company.

For its part, LPL contends that it is entitled to all the requested discovery called for by the Subpoena. At a minimum, the requested information may assist in establishing claims for inducement to infringe. Furthermore, according to LPL, Tatung finally has agreed to produce

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

- 2 -
[PROPOSED] ORDER DENYING TATUNG'S MOTION FOR PROTECTIVE ORDER AND SETTING BRIEFING SCHEDULE FOR LPL'S MOTION TO COMPEL, IF ANY, AGAINST THIRD PARTY SAFEWAY, INC.

1    certain technical drawings on April 6, 2007 (*i.e.*, after the March 30 discovery cut-off), through

2    which LPL will determine what other products to accuse of infringement. LPL asserts that it

3    must be free to take full discovery from Safeway now, before the cut-off, for otherwise it may be

4    foreclosed completely from taking necessary discovery as to such new Accused Products. In

5    addition, LPL asserts that third party discovery is necessary in order to determine whether

6    Tatung's prior discovery responses and productions are complete. As to Tatung's claims

7    regarding trade secrets and confidential business information, LPL asserts that a protective order

8    addressing these issues already exists in the Main Action and that Tatung has not made a

9    sufficient showing as to why that protective order is insufficient to protect its interests. With

10   respect to both of Tatung's arguments, LPL asserts that Tatung has not met its burden of

11   demonstrating good cause for a protective order under Federal Rule of Civil Procedure 26(c).

12   **II.     ANALYSIS AND FINDINGS**

13        The legal standard for a motion for protective order under Federal Rule of Civil Procedure

14   26(c) is well established. The burden is on the moving party to establish good cause for such an

15   order. Good cause, in turn, is defined as a demonstration that a clearly defined and serious injury

16   will result in the absence of a protective order. Tatung has failed to meet that standard here.

17        As a threshold matter, the Court holds that Tatung does have standing to challenge the

18   Subpoena through a Rule 26(c) motion, as it has here. The core dispute, however, is between

19   LPL and Tatung, parties in the Main Action; third party Safeway has filed no motion relating to

20   the Subpoena. As a practical matter, this Motion should have been filed in Delaware, before the

21   Delaware judge who has presided over the Main Action since its inception in 2004. Since Tatung

22   has chosen this District in which to make this Motion, and since this Motion has been brought

23   before the discovery cut-off and is therefore timely, this Court will rule fully on the substantive

24   merits.

25        Third party discovery is a time-honored device to get at the truth of a claim or defense. A

26   party in litigation is not obligated to take the word of an opponent regarding what relevant

27   documents do or do not exist. Indeed, it is common experience to find that third parties are in

28   possession of documents that parties to an action have asserted do not exist.

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

- 3 -
[PROPOSED] ORDER DENYING TATUNG'S MOTION FOR PROTECTIVE ORDER AND SETTING BRIEFING SCHEDULE FOR LPL'S
MOTION TO COMPEL, IF ANY, AGAINST THIRD PARTY SAFEWAY, INC.

1      LPL is entitled to take discovery from Safeway.  The Court finds that the scope of the

2  Subpoena is reasonable, and the Court will not impose any limitations regarding Accused or Non-

3  Accused Products, or any other limitations, on it.  The Court also finds that the deposition notice

4  served on Safeway, and the topics identified therein, are reasonable; the Court will not impose

5  any limitations on the scope of topics to be covered.  In sum, the Court concludes that Tatung has

6  not articulated any clearly defined and serious injury that would result in the absence of the

7  protective order it seeks.

8      As to Tatung's claims regarding trade secrets and confidential business information, the

9  Court observes that there is a strong public policy in this District to maintain the transparency of

10  legal proceedings and to deny requests for secrecy absent good cause.  The Court concludes that

11  Tatung has failed to make the necessary showing of good cause here.  Whether because of

12  unfamiliarity with the requirements and policies of this District, or some other reason, Tatung

13  utterly has failed to meet the required standard with its submission of the Declaration of Jackson

14  Chang, which the Court finds conclusory.

15      Indeed, it appears to the Court that Tatung's pattern of filing 23 motions for protective

16  orders around the country bears all the indicia of a litigation tactic designed to avoid presenting

17  this issue to the Delaware court, which knows the most about this case, and to multiply the cost of

18  litigation.  In this regard, the Court also notes that Tatung appears to have engaged in a pattern of

19  questionable conduct in a matter pending in the United States District Court for the Southern

20  District of Florida related to a similar motion for protective order related to another of the 23

21  subpoenas served in the Main Action.

22      Turning now to Safeway's position, the Court makes the following determinations.

23  Because Safeway has failed to move for a protective order with respect to the noticed deposition,

24  it must make its witness available pursuant to the terms of the Subpoena and notice.  *See* FRCP

25  26(c), 45.  With respect to the document requests, however, the Court understands that Safeway

26  has served objections.  Thus, it is LPL's burden to move to compel production.  *See* FRCP 45(c).

27

28

McKenna Long &
Aldridge LLP
Attorneys At Law
San Francisco

- 4 -

[PROPOSED] ORDER DENYING TATUNG'S MOTION FOR PROTECTIVE ORDER AND SETTING BRIEFING SCHEDULE FOR LPL'S
MOTION TO COMPEL, IF ANY, AGAINST THIRD PARTY SAFEWAY, INC.

1  **III.    ORDER**

2      Tatung's Motion is DENIED *in toto*.  The scope of the Subpoena and deposition notice

3  shall not be limited in any respect.

4      The deposition of Safeway shall proceed as per the Subpoena and deposition notice.

5      With respect to the document requests contained in the Subpoena, the Court trusts that

6  counsel for LPL and Safeway will be able to reach agreement regarding Safeway's objections.  If

7  they cannot, and if LPL wishes to file a motion to compel, then the Court sets the following

8  briefing schedule for LPL's motion:  LPL's opening papers to be filed no later than noon on

9  March 20, 2007; Safeway's response to be filed and served no later than noon on March 21, 2007;

10  hearing on the motion is set for 9:00 a.m. on March 23, 2007.

11      The Court will entertain no further motions in this matter after the Main Action's

12  discovery cut-off date of March 30, 2007.

13      This Order is made without prejudice to Safeway's rights to seek appropriate relief as

14  allowed by the Federal Rules of Civil Procedure, and is made without prejudice to Tatung's rights

15  to seek, consistent with any requirements applicable in the Main Action, protection of documents

16  produced by Safeway.

17

18      **IT IS SO ORDERED**.

19  Date:   March 20, 2007.

20                                         _____

21                                         The Honorable William H. Alsup

22

23

24

25

26

27

28

McKenna Long &
Aldridge LLP
Attorneys at Law
San Francisco

[PROPOSED] ORDER DENYING TATUNG'S MOTION FOR PROTECTIVE ORDER AND SETTING BRIEFING SCHEDULE FOR LPL'S MOTION TO COMPEL, IF ANY, AGAINST THIRD PARTY SAFEWAY, INC.